UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORENCE BURNS,

                Plaintiff,

v.

KEYBRIDGE MEDICAL REVENUE CARE,

                Defendant.
_____/

Case No. 2:20-cv-12732

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT'S SUMMARY JUDGMENT MOTION [20] AND
DENYING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION [25]**

Plaintiff Florence Burns sued Defendant Keybridge Medical in Wayne County Circuit Court for violating the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, and Michigan law. ECF 1-1, PgID 6–12. Defendant timely removed the case under 28 U.S.C. § 1441. ECF 1, PgID 1–2.

Defendant moved for summary judgment on all claims. ECF 20. Plaintiff's response brief asserted that Defendant failed to show a genuine dispute over a material fact for the FDCPA claim. ECF 23, PgID 201–02. The brief also explained that Plaintiff abandoned her state law claims against Defendant. *Id.* at 202. Defendant timely filed a reply brief. ECF 24. Plaintiff then moved for partial summary judgment as to liability only, ECF 25, and Defendant responded, ECF 26. The Court has reviewed the briefs for the pending motions and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will

1

grant summary judgment to Defendant and deny partial summary judgment to Plaintiff.

## BACKGROUND

Defendant received a new debt of forty dollars to collect from Plaintiff. ECF 20-1, PgID 165, 169. Plaintiff disputed the debt through a credit agency inquiry and Defendant received the notice. ECF 20-1, PgID 165. Seventeen days later, Defendant disclosed the disputed debt status to the major credit reporting agencies (Experian, Equifax, and TransUnion) using the "XB" code. *Id.* The next month, Defendant received a letter from Plaintiff formally disputing the debt. *Id.* Defendant began investigating the disputed debt the next day. *Id.* After several failed attempts to contact the original creditor and verify the debt, Defendant requested that the credit agencies delete the disputed debt. *Id.* Defendant sent the request using the "DA" code. *Id.*

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for

2

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Because Plaintiff's partial summary judgment claim and Defendant's summary judgment motion both address whether Defendant violated the FDCPA, the Court will address the motions in the same analysis. *See Foster v. AFNI, Inc.*, No. 2:18-cv-12340, 2020 WL 1531651, at *5–8 (E.D. Mich. Mar. 31, 2020) (addressing a plaintiff's partial summary judgment motion and a defendant's summary judgment motion in the same analysis of an FDCPA claim). After, the Court will grant summary judgment to Defendant on the state law claims.

I.  FDCPA

The Court will deny Plaintiff partial summary judgment and grant Defendant summary judgment on the FDCPA claim because Defendant did not violate the FDCPA.

Under the FDCPA, "a debt collector may not" "communicat[e] . . . credit information which is known or which should be known to be false including the failure to communicate that a debt is disputed." 15 U.S.C. § 1692e(8). To establish a FDCPA claim, Plaintiff must make four showings. First, Plaintiff must be a 'consumer' as defined by the FDCPA. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quotation omitted). Second, Plaintiff's debt "must arise[] out of transactions which are primarily for personal, family or household purposes." *Id.* (quotation omitted). Third, "[D]efendant must be a debt collector as defined by the [FDCPA]." *Id.* (quotation omitted). And fourth, "[D]efendant must have violated § 1692e's prohibitions." *Id.* (quotation omitted).

A debt collector, such as Defendant, need only report debts as disputed if it reports those debts to a credit agency. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 349 (7th Cir. 2018); *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) ("[I]f a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.") (emphasis in original). In other words, Defendant's duty to report accurately arises once it chooses to report the debt.

Although "[t]he FDCPA does not establish any time limit for reporting a disputed debt," courts within the Eastern District of Michigan routinely find that reporting a disputed debt less than a month after receiving the dispute satisfies § 1692e's prohibitions. *Green v. Midland Funding, LLC*, No. 16-13029, 2018 WL 1146877, at *3 (E.D. Mich. Jan. 29, 2018), *report and recommendation adopted by*,

4

2018 WL 1141800 (E.D. Mich. Mar. 2, 2018); *see Fulton v. Equifax Info Servs., LLC*, No. 15-14110, 2016 WL 5661588, at *3–4 (E.D. Mich. Sept. 30, 2016) (granting summary judgment when the defendant reported the disputed debt was reported twenty-four days after receiving notice).

When a debt collector discloses a disputed debt using the "XB" response code, courts in the Eastern District of Michigan routinely find the code "plainly mark[s]" the debt as disputed. *Davis v. Nationwide Collection Agencies, Inc.*, No. 17-13618, 2018 WL 3020440, at *2 (E.D. Mich. June 18, 2018) (collecting cases); *see also Foster*, 2020 WL 1531651, at *8. Debt collectors may also use the "DA" code to "request[] that the credit bureaus delete the disputed accounts from [a] [p]laintiff's consumer reports." *Davis*, 2018 WL 3020440, at *2.

The Court will grant Defendant summary judgment on the fourth *Wallace* prong. 683 F.3d at 326 ("[D]efendant must have violated § 1692e's prohibitions.") (quotation omitted). In brief, Defendant accurately and timely reported the disputed status of Plaintiff's debt under § 1692e(8).

Here, Defendant first learned that Plaintiff disputed the debt on March 5, 2020. ECF 20-1, PgID 165. Within seventeen days, Defendant notified the credit agencies about the disputed debt. *Id.* Defendant sufficiently marked the debt as disputed using the "XB" code. *Id.*; *see Davis*, 2018 WL 3020440, at *2. Because Defendant promptly reported the disputed debt to the credit agencies, Defendant is entitled to summary judgment. *Green*, 2018 WL 1146877, at *3.

Still, Plaintiff claimed Defendant failed to send the credit agencies a notice about the disputed debt after it received Plaintiff's formal dispute letter in April. ECF 23, PgID 197–98; *see also* ECF 20-1, PgID 165; ECF 23-3, PgID 223 (April letter from Plaintiff). But the argument is irrelevant. After all, Defendant had accurately reported the debt as disputed the month before. ECF 20-1, PgID 165. And, in any event, Defendant accurately notified the credit agencies to delete the disputed debt using the "DA" code after it received the April letter. *Id.*; *see Davis*, 2018 WL 3020440, at *2.

What is more, Plaintiff cannot create a genuine issue of material fact about whether Defendant violated § 1692e(8) by inaccurately reporting the disputed debt.[1] For example, the evidence that Plaintiff attached to her response shows that *before* Defendant knew about her disputed debt, Equifax did not mark the debt as disputed. ECF 23-2, PgID 219 (February 2020 Equifax Credit Karma report); ECF 23-5 (March 3, 2020 Equifax automated consumer dispute verification). The evidence also shows that *after* Plaintiff reported the disputed debt to Defendants, Equifax still did not mark the dispute. ECF 32-4, PgID 237 (June 2020 Credit Karma Report); ECF 23-5, PgID 241 (March 2020 Equifax automated consumer dispute verification); ECF 23-6, PgID 244, 247 (March 28, 2020 Equifax credit file). All told, the evidence suggests only that *Equifax*—not *Defendant*—failed to mark the debt as disputed. Without information about how Equifax records disputed debts, no genuine issue of material

---

[1] The Court will assume, without ruling on the issue, that the evidence attached to Plaintiff's response brief, ECF 23, is admissible.

fact exists about whether Defendant itself violated § 1692e(8). As a result, the Court will grant summary judgment to Defendant and deny Plaintiff partial summary judgment.

II. State Law Claims

Plaintiff explained that she abandoned her state law claims against Defendant. ECF 23, PgID 202. As a result, the Court will grant summary judgment on the state law claims. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (explaining that an abandoned claim will lead to granting summary judgment).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's summary judgment motion [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's partial summary judgment motion [25] is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2021, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager